IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. VASQUEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CASE NO. 5:25-CV-00012 |
| | § | |
| WAL-MART ASSOCIATES, INC. | § | |
| d/b/a SAM'S CLUB, | § | JURY TRIAL REQUESTED |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**CHRISTOPHER J. VASQUEZ**, hereinafter referred to as "Plaintiff" or "Vasquez," complains of and against **WAL-MART ASSOCIATES, Inc. d/b/a SAM'S CLUB**, hereinafter referred to as "Defendant" or "Sam's Club," and would respectfully show the Court and jury as follows:

### SUMMARY OF COMPLAINT

1. This is a suit alleging violations of the Federal and Texas state laws prohibiting sex discrimination, age discrimination, disability discrimination, FMLA discrimination, retaliation; and seeking damages for loss of pay, compensatory damages, attorneys' fees, punitive damages, and equitable relief.

### PARTIES

2. Plaintiff, Christopoher J. Vasquez, is an adult male resident and citizen of the state of Texas. For identification purposes, the last three digits of Plaintiff's Social Security Number are 717.

-1-

3.     Defendant WAL-MART ASSOCIATES, INC. d/b/a SAM'S CLUB (hereafter, "Defendant" or "Sam's Club") is a for-profit corporation doing business in Texas. Defendant may be served with process by causing a certified copy of this *Original Complaint* and summons to be served upon Defendant's registered agent for service of process in Texas, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136.

## SUIT IN ASSUMED NAME / MISNOMER / TOLLING

4.     Defendant is an entity with whom Plaintiff was employed from 1988 until December 11, 2023. Plaintiff intends to bring this suit against the entity with whom Plaintiff was employed at all relevant times described herein. Plaintiff alleges and believes that the entity or entities with whom he was employed and who is responsible for the causes of action alleged herein did business under the following common or trade names and are being sued under these names: **WAL-MART ASSOCIATES, Inc. d/b/a SAM'S CLUB**. Should it be determined that the entity who employed Plaintiff and terminated him from employment was doing business under another or different name(s), Plaintiff reserves the right to amend this petition and name any such entity under the other name(s). Plaintiff further asserts that any error in the name of Defendant is one of misnomer, not misidentification, and would demand proof of lack of notice, prejudice, and surprise should Defendant claim that the wrong entity has been named. In that instance, Plaintiff would further assert that all applicable theories of limitations tolling should apply, including, without limitation, equitable tolling, the Discovery Rule, and/or fraudulent concealment.

## JURISDICTION / VENUE

5. Federal jurisdiction of the alleged causes of action is based on 28 U.S.C. § 1331. Plaintiff alleges violations of federal law and diversity of citizenship with the amount in controversy exceeding $75,000. Plaintiff is an individual resident/citizen domiciled in the State of Texas and Plaintiff believes Defendant is a corporation foreign to the State of Texas and incorporated under the laws of the State of Delaware, with its principal place of business in the state of Arkansas.

6. Jurisdiction of the Texas state causes of action alleged under *Texas Labor Code*, Chapter 21 is proper pursuant to the Court's supplemental jurisdiction under authority of 28 U.S.C. § 1367, because the state law causes of action are so related to the federal claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution. The jurisdiction of this Court is also invoked under the *Family and Medical Leave Act* (FMLA), 29 U.S.C. § 2601, *et seq*. At the time of termination hereinafter referred to and at all times relevant to this suit, Plaintiff had worked for Defendant for at least 12 months and at least 1250 hours during the prior 12 months for Defendant in the state of Texas or any state of the United States. At all times pertinent to this suit, Defendant employed at least 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, which employees were located within a 75-mile radius of the Plaintiff's worksite.

7. This suit is brought under authority of *Title VII of the Civil Rights Act of 1964 ("Title VII");* Texas Labor Codes § 21.001, *et seq.*; § 21.001, *et seq.*; § 21.051; and § 21.055, as amended; the *Age Discrimination in Employment Act* (ADEA), the *Americans with Disabilities Act* (ADA), *as amended by the Americans with Disabilities Act Amendment Act* (ADAAA), and the *Family & Medical Leave Act* (FMLA). At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" (with more than 500 employees at all relevant times to this suit) as those terms are defined under the hereinabove-named laws and statutes.

8. Plaintiff has timely satisfied all jurisdictional administrative remedies, which may be required to grant this Court jurisdiction of the causes of action alleged below and the statutes mentioned above.

9. Venue is proper in the Western District of Texas under 42 U.S.C.A. § 2000e-5(f)(3) because the facts alleged below or a substantial portion thereof occurred in the Western District of Texas. ("Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . .") and Defendant's general and specific contacts in the Western District of Texas are significant, including because it maintains numerous Sam's Clubs in said district.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a male former employee of Defendant who worked for Defendant for thirty-four years until his termination at the age of fifty-five. At the time of, and prior to his discharge, Plaintiff was the General Manager of a Sam's Club

in San Antonio, Texas. Plaintiff was a qualified employee and successfully performed his job functions until his illegal termination from employment on December 11, 2023. Plaintiff had no disciplinary actions against him for his entire tenure until 2023.

11.     In 2023, E. Rejcek, a new District Manager over Plaintiff, began harassing and belittled him by assigning him menial and personal shopper type tasks, as well as duties (such as flight tracking for corporate planes headed for San Antonio) not required of any other General Manager under Rejcek's supervision.

12.     In June 2023, Plaintiff, while on the job, was threatened with bodily harm by an employee's husband. Plaintiff was not provided any protection by Defendant and was even asked by the Market Asset Protection Manager to issue a "no-trespass" warning to the very person who had threatened to harm him. About two weeks later, Plaintiff was placed under investigation for alleged "gender discrimination," which proved to be unfounded after Defendant's investigation.

13.     About two weeks after the forgoing stated investigation concluded, Plaintiff was placed under investigation again for alleged "failure to report/insensitivity." About two months after that investigation was opened, Plaintiff was notified of a third investigation due to his schedules. There was no legitimate basis for any of these investigations and Plaintiff had never been "investigated" for anything in his thirty-three years of work for Defendant before these investigations. Because of his time working for Defendant, most of which was in management,

Plaintiff was aware of the proper reasons why Defendant may normally investigate a manager and none of these investigations fit within those guidelines.

14. Due to the continual ongoing harassment investigations by management and stress from the workplace threat described above, Plaintiff began to have anxiety and severe depression which, at times when active, substantially impaired the major life activities of *mental concentration, thinking clearly, energy, proper weight maintenance, interaction with others, and sleeping*. The impairing of his mental concentration would cause him, at times, substantial interference with carrying out his duties in his life at home and at his job. At times, he would have difficulty in proper communication with other people and interference with the proper pronunciation of words. The anxiety would prevent him from going and/or staying asleep for long enough periods for his body to receive the amount of sleep necessary for his health. Because of the foregoing stated symptoms from the anxiety and severe depression, Plaintiff was advised by his physician to take a short leave of absence to see if this could alleviate the anxiety and depression to a level that would allow him to successfully resume working. The physician provided Plaintiff and Defendant with the medical certifications necessary to substantiate Plaintiff's need for FMLA leave.

15. Plaintiff took an approved FMLA medical leave of absence on September 9, 2023 and was scheduled to return on December 9, 2023.

16. On or about October 16, 2023, Plaintiff contacted Defendant's Human Resources/Ethics department to complain and oppose illegal discrimination against him based on his gender, race, and/or age. When he complained and opposed illegal

discrimination, Plaintiff had a good faith basis to believe he was being discriminated against on one of these unlawful bases. In connection with Plaintiff's said complaint/opposition, Plaintiff provided the Human Resources/Ethics department with correspondence setting forth his complaints, which is attached hereto as Exhibit "A" and incorporated herein at this point as if set out in full.

17. Plaintiff returned to work on December 9, 2023. On December 12, 2023 he was interviewed by the HR/Ethics representative for Defendant regarding his complaint described above about illegal discrimination. Later that same day, Plaintiff was terminated from employment with Defendant. Plaintiff was subsequently replaced in his former position by a person who was around forty years old.

## CAUSES OF ACTION

### Violations of Texas Labor Code Chapter 21, Title VII, the ADEA, the ADA/ADAAA, and the FMLA

18. Plaintiff alleges that the actions by Defendant described above were a motivating factor and/or a cause for Defendant terminating him because of an *actual disability* and/or being *regarded as having a disability*, as defined under the *Texas Commission on Human Rights Act, V.T.C.A. Labor Code* § 21.001, et seq. (*TCHRA*);" the *Americans with Disabilities Act of 1990*, 42 U.S.C. Ch.21 § 12101, *et seq.* (*ADA*), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (*ADAAA*) and its regulations; age discrimination prohibited by the *TCHRA* as well as the the *Age Discrimination in Employment Act (ADEA)*; and discrimination prohibited by the *Family and Medical Leave Act (FMLA)*. Plaintiff's allegation as to age discrimination is shown by, among other evidence, that after his discharge from

employment Plaintiff was replaced in his former position by a person who was around forty years old, which age is significantly younger than Plaintiff. Furthermore, the allegations in the paragraphs above demonstrate that the "impairing conditions" described substantially limited one or more major life activities, as this term is defined by the *ADAAA* and the *EEOC* interpretations and regulations of said act. The impairing conditions substantially limited, at all relevant times and at the time of his termination intermittently,[1] Plaintiff's major life activities, as more specifically described and set forth above. These impairing conditions also limited the *condition, manner,*[2] *and/or duration*[3] of Plaintiff's daily activities, as described above. All the foregoing examples substantially limit Plaintiff's ability to perform a major life activity, as compared to most people in the general population. Defendant discriminated against him and terminated his employment based on the impairing conditions. Further, Defendant discriminated against Plaintiff by its *failure to reasonably accommodate* his known physical impairments/disabilities as described above resulting in disability discrimination and ultimately termination.

---

[1] 29 C.F.R. Section 1630.2(j)(1)(vii) states: "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. This provision is intended to reject the reasoning of court decisions concluding that certain individuals with certain conditions - such as epilepsy or post traumatic stress disorder - were not protected by the ADA because their conditions were episodic or intermittent."

[2] "Condition or manner may also describe how performance of a major life activity affects the individual with an impairment. For example, an individual whose impairment causes pain or fatigue that most people would not experience when performing that major life activity may be substantially limited." 29 C.F.R. Section 1630.2(j)(2)

[3] "'Duration' refers to the length of time an individual can perform a major life activity or the length of time it takes an individual to perform a major life activity, as compared to most people in the general population. For example, a person whose back or leg impairment precludes him or her from standing for more than two hours without significant pain would be substantially limited in standing, since most people can stand for more than two hours without significant pain." 29 C.F.R. Section 1630.2(j)(2)

19. Also, as described above, Defendant failed to engage in the *interactive process* with Plaintiff to discover a *reasonable accommodation*, beyond the FMLA leave he received, to his impairments/disability and retaliated against him by terminating his employment for requesting and/or receiving a *reasonable accommodation* and his opposing such failure to accommodate, which constitutes disability discrimination.

20. Also, as described above and in the attached exhibit "A," in violation of the above mentioned laws, Defendant *retaliated* against Plaintiff by terminating his employment after he complained in good faith to Defendant about the disability, age, race, and sex discrimination, and the failure to reasonably accommodate his disability or continue accommodating his disability, and for his opposing the said illegal discrimination.

21. Plaintiff was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during any 12-month period, because he was suffering from a serious health condition, as described above under FMLA and Title 29 § 825.114 of the Code of Federal Regulations. Plaintiff gave adequate notice of his intent to take medical leave under the FMLA and fulfilled all requirements of the Act and the Defendant in order to qualify for Family Medical Leave Act leave. Plaintiff took medical leave, as described above, to receive treatment and recover from his serious health conditions described above in paragraph 14. Upon returning from his FMLA leave on December 9, 2023, Plaintiff was entitled to be restored to the same or equivalent position. Defendant's willful and intentional failure to restore Plaintiff to

his same or equivalent position, and terminating Plaintiff's employment, was a violation of the FMLA resulting in damages as hereinafter set forth.

22. The FMLA prohibits an employer, such as Defendant, from interfering with, restraining, or denying the exercise of any rights provided by the FMLA, and the regulations, or from discharging an employee because of instituting any proceeding under said law. Plaintiff alleges that Defendant violated his rights under the FMLA. Defendant's action in terminating Plaintiff's employment, after having taken qualifying leave, was in retaliation against Plaintiff for exercising his rights under the FMLA, when it discharged him upon his return from FMLA leave, as described above, resulting in damages as described below.

23. In addition to the facts known to Plaintiff and set forth herein, which constitute unlawful discrimination and retaliation, and pursuant to Federal Rule of Civil Procedure 11(b)(3), Plaintiff specifically identifies all of the foregoing allegations in the above numbered paragraphs regarding discrimination, FMLA violations, and/or retaliation, as having evidentiary support, or likely to have additional evidentiary support, after a reasonable opportunity for further investigation and discovery in this case.

**DAMAGES**

24. As a result of the violation of the causes of action described above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for compensation for said damages.

## FMLA DAMAGES

25. As a direct and proximate result of Defendant's actions as described above, Plaintiff has suffered damages and continues to suffer damages including, but not limited to, past and future lost wages, past and future employment benefits and other benefits lost; and attorneys' fees.

## FMLA LIQUIDATED DAMAGES

26. As a result of Defendant's willful and knowing violation of Plaintiff's rights under the FMLA, Plaintiff is entitled to a sum equal to his actual damages to be awarded under the FMLA as liquidated damages, for which he now sues.

## PUNITIVE DAMAGES

27. Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant for all violations of the above-described causes of action, except for the FMLA violations.

## ATTORNEYS' FEES

28. Plaintiff has had to employ an attorney to vindicate his rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

29. Plaintiff has satisfied all prerequisites to filing this suit, including exhausting all required administrative remedies. Plaintiff timely filed a written

complaint[4] against Defendant on or about January 26, 2024 with the Texas Workforce Commission—Civil Rights Division, alleging discrimination and retaliation as required by the above referred-to statute, and cooperated with said Commission for at least 180 days during the investigation of the complaint, which time period has been completed. The filing of said complaint and amended complaint with the TWCCRD was also a joint filing for all purposes with the EEOC. All conditions precedent to this suit have been performed or have occurred. Plaintiff has received a right to file a civil action under Section 21.254 of the *TCHRA* from the TWCCRD on December 5, 2024 and has duly filed this lawsuit within 60 days of receiving the right to file a civil action. Plaintiff has received the right to sue from the EEOC on December 13, 2024.

## INJUNCTION / EQUITABLE RELIEF AGAINST DEFENDANT

30.    On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit the Defendant by injunction from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in the above-described statutes, including reinstatement to his job, if reasonably possible at the time and under the circumstances then existing.

---

[4] On or about January 26, 2024, Plaintiff filed a Charge of Discrimination with the TWCCRD, a copy of which is attached hereto as Exhibit "B," which is incorporated into this Petition as if set out in full herein and in the Facts section above for all purposes, including as facts alleged in this case to be proven.

## JURY DEMAND

31. Plaintiff hereby respectfully requests a trial by jury on all causes of action and disputed issues of fact contained in this Complaint.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing, Plaintiff be awarded actual damages, as stated above; punitive damages; liquidated damages under the FMLA; attorney fees; costs of court; prejudgment interest; injunctive relief; reinstatement, if reasonably possible; and such other relief; both at law and in equity, as Plaintiff may be justly entitled.

By: */s/ Benjamin C. Yelverton*
**BENJAMIN C. YELVERTON**
Texas Bar No. 24084132
**SCANES YELVERTON TALBERT, LLP**
100 Ritchie Road, Suite 101
P. O. Box 20965
Waco, Texas 76702-0965
Phone: (254) 399-8788
Facsimile: (254) 399-8780
Email: yelverton@sytfirm.com

And by: */s/ Danny C. Wash*
**DANNY C. WASH**
Texas Bar No. 20896000
**WASH & THOMAS**
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
Phone: (254) 776-3611
Facsimile: (254) 776-9217
Email: danwash@washthomas.com

**ATTORNEYS FOR PLAINTIFF,
CHRISTOPHER J. VASQUEZ**